UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Charles Willis Lamb**, # 186788,  ) C/A No. 8:10-0176-CMC-BHH
                          Plaintiff,  )
vs.                                   ) **Report and Recommendation**
**Lieber Correctional Institution**;  )
**Medical Staff**, *People Them*,     )
                          Defendants. )
_____

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] The plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff's motion to proceed *in forma pauperis* should be denied, and the complaint should be dismissed *without prejudice* if he fails to pay the full filing fee of three hundred fifty dollars ($350). The plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

The plaintiff is incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections. He has repeatedly filed civil actions which raise a deliberate indifference to medical needs claim against unspecified defendants concerning his hand. In fact, this is the thirty-third civil action filed by the plaintiff has filed in this court since August of 2008.

This court may take judicial notice of the three (3) civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, or because the named defendants were immune from suit. *See Lamb v. Kirkland Correctional Institution Medical Agency*, No. 8:09-105-CMC-BHH (D.S.C. Feb. 25, 2009);

*Lamb v. John Does, et al.*, No. 8:09-322-CMC-BHH (D.S.C. April 9, 2009); and *Lamb v. Kirkland Correctional Medical Staff*, No. 8:09-1854-CMC-BHH (D.S.C., Aug. 13, 2009).[2]

In the above-captioned case, the plaintiff complains about the failure of the Lieber Correctional Institution's medical staff to send him to receive x-rays on his right hand. The plaintiff states he inured his hand when he was "Shadow Boxing in [his Room on the S.M.U. Lock-up Unit[.]" The plaintiff seeks three hundred trillion dollars in damages.

In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir. 2001); and *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as the plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this case, the plaintiff must pay the full $350 filing fee. If the plaintiff timely pays the full $350 filing fee, his complaint will, then, be subject to review by the undersigned to determine if service of process should be authorized.[3]

---

[2]*See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

[3]Even if the plaintiff pays the full $350 filing fee, this case will, nonetheless, be subject to summary dismissal. The Lieber Correctional Institution is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th

(continued...)

## *Recommendation*

It is recommended that the plaintiff's motion to proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that the District Court give the plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If the plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. The plaintiff's attention is directed to the Notice on the next page.

February 5, 2010  s/Bruce Howe Hendricks
Greenville, South Carolina  United States Magistrate Judge

---

(...continued)
Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). Moreover, the Medical Staff is not an identifiable defendant. *Johnson v. Nelson*, No. 1:06-CV-145(WLS), 2008 U.S. Dist. LEXIS 39830, 2008 WL 2123756 (M.D. Ga., May 16, 2008) ("Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action.").

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).